IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAIGE E. STEADMAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE |
| vs. | * | NO. 1:03-CV-2035-CAP |
| | * | |
| SARA LEE BAKERY GROUP, INC., | * | |
| EARTHGRAINS BAKING COMPANIES, | * | |
| INC., BILLY MICHAEL RUSSELL, | * | |
| LUMBERMENS MUTUAL CASUALTY | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANTS' JOINT MOTIONS IN LIMINE
AND BRIEF IN SUPPORT**

COME NOW Defendants Sara Lee Bakery Group, Inc., Earthgrains Baking Companies, Inc., Lumbermens Mutual Casualty Company, and Billy Michael Russell, and jointly move this Court to limit the testimony, argument, actions of counsel, and the introduction of evidence of the Plaintiff and the witnesses called on behalf of Plaintiff as follows:

**1.   Evidence relating to Defendant Russell's negligence and Defendants Sara Lee and Earthgrains' liability for his actions under theory of respondeat superior is inadmissible as irrelevant**

Only evidence that is relevant is admissible. *See* Fed.R.Evid. 402. Likewise, evidence that does not tend to support a material fact in controversy is not relevant and not admissible. *See* Fed.R.Evid. 402.

Here, Defendants have admitted negligence for the Defendant driver, Billy Michael Russell, and admitted vicarious liability for the Defendant employer under the theory of respondeat superior.  The only remaining issue is whether Mr. Russell's conduct proximately caused the full extent of Plaintiff's alleged damages.  Evidence of specific alleged negligent acts of Mr. Russell – such as failing to keep a proper lookout, speeding, driving too fast for conditions, or any other alleged acts of negligence – has no relevance to this issue.

Likewise, the challenged evidence should be barred because its admission would only serve to inflame the jury and unfairly prejudice the jury against the Defendants, denying them a fair trial.  Even marginally relevant evidence should be excluded if its probative value is outweighed by its tendency to confuse the jury or have unduly prejudicial effect.  Fed.R.Evid. 403.  Because Defendants have admitted liability, evidence as to Mr. Russell's negligence would only serve to confuse the jury as to its role in determining the measure of Plaintiff's damages.  In other words, such evidence has no probative value as to any remaining issue in this case.  Defendants therefore respectfully ask the Court to preclude Plaintiff from introducing evidence as to Mr. Russell's negligence.

**2.      Evidence of Negligent Hiring, Training, or Retention of Russell by the Corporate Defendants is Inadmissible.**

When an employer admits respondeat superior, or agency, it is entitled to summary judgment on a plaintiff's claims for negligent entrustment, hiring, training, and retention.  Durben v. American Materials, Inc., 232 Ga. App. 750, 503 S.E.2d 618 (1998); Bartja v. Nat. Union Fire Ins. Co., 218 Ga. App. 815, 463 S.E.2d 358 (1995).  The policy underlying this rule is that, because the employer would be liable for the employee's negligence under respondeat superior, allowing claims for negligent entrustment, hiring, training, and retention would not entitle the plaintiff to a greater recovery. Id.  Instead, it would merely serve to prejudice the employer.  Id.

Here, Sara Lee has admitted that Mr. Russell was acting within the course and scope of his employment when the underlying accident occurred. Therefore, Plaintiff's claims for negligent hiring, training, retention, and entrustment are now merely duplicative of their agency claims. Accordingly, Defendants respectfully ask the Court to preclude Plaintiff from attempting to introduce evidence in support of these claims.

Moreover, because Defendants have conceded  Mr. Russell's negligence and Sara Lee's and Earthgrain's (collectively, Sara Lee's) vicarious liability, Plaintiff should be barred from presenting evidence of alleged acts of Sara Lee's alleged negligent hiring, training, or retention of

Mr. Russell. Again, only evidence that is relevant is admissible. *See* Fed.R.Evid. 402. Evidence that does not tend to support a material fact in controversy is not relevant and not admissible. *See* Fed.R.Evid. 402. Even marginally relevant evidence should be excluded if its probative value is outweighed by its tendency to confuse the jury or have unduly prejudicial effect. Fed.R.Evid. 403. Here, Sara Lee has admitted agency, and its alleged negligent hiring and training of Mr. Russell – which Defendants strenuously dispute -- is therefore immaterial. Defendants respectfully submit that the admission of such evidence would be improper under Georgia law, and ask the Court to grant its motion as to this issue.

**3.    Inferences or any mention that Defendant Russell was allegedly driving under the influence of any medication, drug or alcohol at the time of the accident is inadmissible**

Evidence of a witness's drug use is improper character evidence, unless the party who wishes to introduce such evidence shows its relevance to the issues being tried by the jury. Crowe v. State, 259 Ga. App. 780, 782, 578 S.E.2d 134 (2003). Without a showing of relevance, this character evidence would be inadmissible as gratuitously interjecting the witness's drug use simply to prejudice the jury. Id.

Moreover, a "factual determination of driving ability as revealed through toxicological analysis is 'beyond the ken' of the average juror and

thus is established through expert testimony." Id.  Without testimony from a toxicologist or an otherwise-qualified expert that toxicological tests show impairment, the Court may not introduce evidence of the tests.  Crowe, 259 Ga. App. at 782; see also Lyerly v. Phillips, 188 Ga. App. 566, 373 S.E.2d 663 (1988) (finding that improper admission of defendant's prescription-drug use, without showing of relevance, raised "the odor of criminality" and was so prejudicial it could not have been cured).

Here, Plaintiff has not identified any experts in its portion of the Court's pre-trial order that will testify that the trace amount of prescription medication in Mr. Russell's blood after the accident could have impaired Mr. Russell's driving ability at the time of the accident.  Consequently, any mention that Mr. Russell was allegedly driving under the influence of any medication, drug, or alcohol at the time of this accident, or that Mr. Russell's post-accident drug screen even showed a scant trace of his lawfully-prescribed prescription medication, should be barred from evidence or argument or suggestion by counsel.  The evidence does not support any inference that Mr. Russell was impaired by any medication at the time of the accident, and such evidence would therefore be irrelevant .  In fact, the undisputed evidence shows that Mr. Russell was tested by the GBI immediately after the accident and the testing revealed he had no legally

relevant quantity of any such substances in his system. Notably, there is no evidence that Mr. Russell was charged with DUI or any other traffic violation following the accident.

Although there is no evidence or even a suggestion that Mr. Russell was impaired at the time of the accident, counsel for Plaintiff have stated that they intend to suggest to the jury that Mr. Russell was under the influence at the time of the accident. Because Defendants have admitted the driver's negligence in this action, the challenged evidence is immaterial, extraneous, and irrelevant to any issue to be decided concerning Plaintiff's compensatory damages. The introduction of such evidence would only serve to raise "the odor of criminality" in this case, and would likely confuse and mislead the jury. See Lyerly, 188 Ga. App. at 567; Fed.R.Evid. 403 (noting that even marginally relevant evidence should be excluded if its probative value is outweighed by its tendency to confuse the issues or the jury). Accordingly, Defendants respectfully ask the Court to bar Plaintiff from attempting to introduce this evidence at trial.[1]

---

[1] Mr. Russell underwent a mandatory blood test following the accident pursuant to request of Officer Burks of the GBI. The blood test was taken pursuant to Georgia's (former) statute requiring drivers involved in serious accidents to submit to post-accident blood tests. Notably, the Georgia Supreme Court has since declared that statute unconstitutional on the grounds it violates the Fourth Amendment's protection against unreasonable searches and seizures. Cooper v. The State, 277 Ga. 282, 587 S.E.2d (2003).

4.   **Evidence of Defendant Russell's marital difficulties in inadmissible**

Any evidence of Defendant Russell's marital difficulties should be barred from evidence in the trial of this case because such evidence is not relevant to a determination of damages in this admitted liability case. Fed.R.Evid. 402. Such evidence is also inadmissible character evidence. Fed.R.Evid. 608.

5.   **Inferences, comments, or evidence suggesting improper conduct of parties during the discovery period or Defendants' "delay" in admitting liability**

Defendants respectfully ask the Court to instruct Plaintiff and their counsel to refrain from making any comments regarding any alleged discovery disputes between the parties or Defendant's "delay" in admitting liability, as such testimony, evidence or commentary is completely irrelevant and prejudicial. Fed.R.Evid. 402.

For example, in <u>General Motors Corp. v. Moseley, et al.</u>, 213 Ga. App. 875, 447 S.E.2d 302 (1994), the Georgia Court of Appeals stated that Plaintiff' counsel's attempts to elicit information and/or present argument about GM's alleged attempts to hide information regarding problems with

---

Because the statute permitted the state to obtain the blood tests without a showing of probable cause, the Georgia Supreme Court held that it was unconstitutional. This decision also requires this Court to exclude the blood test results at trial.

the type of vehicle at issue and the alleged practice of giving elusive answers to interrogatories, "woodshedding" engineers who testified, and making incomplete searches of engineering files in response to discovery requests, were all improper references to discovery disputes which should have been excluded by the trial court during trial.

Similarly, any reference to any discovery disputes in this case between the Plaintiff and these Defendants would serve no purpose except to unduly prejudice the jury against Defendants. As the Court is well aware, resolving discovery disputes is not a function of the jury, but rather a responsibility belonging solely to the Court. The proper vehicle by which a party resolves disputes pertaining to discovery is by moving the Court for an appropriate Order.

Defendants respectfully request that this Court instruct Plaintiff and her counsel to refrain from referring to or eliciting any testimony which would hint, suggest, or intimate to the jury of any discovery disputes between Plaintiff and Defendants or that Defendants have allegedly withheld any information requested in discovery by Plaintiff. To allow Plaintiff or her attorneys to make such improper and highly prejudicial comments would only serve to unfairly prejudice the jury against Defendants and create error in the case.

**6.     Inference that the jury should, by their verdict, "send a message" to Defendants regarding any type of conduct complained of in this case or seek any result other than compensation for Plaintiff by an award of damages against these Defendants.**

Plaintiff and her attorneys should be barred from inferring or mentioning that the jury should send a message to Defendants in rendering their compensatory verdict in this case.  In Locklear v. Morgan, 129 Ga. App. 763, 201 S.E.2d 163 (1973), a verdict for plaintiff was reversed and a new trial ordered due to counsel's argument that the jury "[r]ender such a verdict that will speak out loud, will speak out clearly, and it will be not only for the benefit of the [plaintiff], but be an inestimable benefit for everyone in this county and everyone throughout the state."  Since the Court is required to bifurcate the trial to determine any amount due, if any, for punitive damages, it would be improper for Plaintiff to urge the jury to "send a message" to Defendants through an award of compensatory damages.

**7.     That Plaintiff's counsel refrain from asking improper and prejudicial questions to the jury on voir dire and refrain from certain comments in opening statement to the jury.**

Defendants move this Court in Limine for an Order instructing Plaintiff's counsel to refrain from asking improper and prejudicial questions to the jury on voir dire and to refrain from certain comments in opening statement to the jury, to-wit:

A.     Any question to the jury on voir dire concerning the amount of

any potential or possible verdict. Such questions are prejudicial and improper;

  B. Any question to the jury on voir dire asking the prospective jurors to agree to award or commit to award the Plaintiff a specific amount of monetary damages or a sum in excess of a specific amount of monetary damages. Such questions are prejudicial and improper;

  C. Any hypothetical questions to the jury on voir dire involving evidence to be presented to the trial. Hypothetical questions involving evidence to be presented to the jury are not proper voir dire. See Davis and Shulman's <u>Georgia Practice and Procedure</u>, §20-4.

  D. Any attempt to inform the jury that the potential award in this case could be substantial or large. Such questions are prejudicial and improper;

  E. Any attempt on voir dire to ask hypothetical questions to the jury that involve a substantial outline of the case and ask the jury to assume evidence prior to its introduction. Such questions are prejudicial and improper. Davis and Shulman's <u>Practice and Procedure</u>, §20-4.

**8.     Evidence or argument intimating that the corporate Defendants should be judged by any standard or afforded any level or degree of justice different from that applicable to a natural person is inadmissible.**

Any type of evidence or argument implying that the corporate Defendants should be judged by a standard different from that applicable to a natural person is inadmissible because any such evidence or argument is irrelevant and is more prejudicial than probative. Any such evidence is in no way relevant to any issue raised by Plaintiff' Complaint and, in addition, would very likely prejudice the jury towards the corporate Defendants. Further, under the Constitution and laws of the United States, the parties in this case are entitled to the right of trial by jury which jury must be allowed to make reasonable inferences from facts proven in evidence having a reasonable tendency to sustain them. U.S. Const. Amend. VII; Lashley v. Ford Motor Co., 359 F. Supp. 363, 367-68 (M.D. Ga. 1972). No implication that the corporate Defendants should be treated differently due to their corporate status aids the jury in making any reasonable inferences in this case. Id.; see also Western & A.R. Co. v. Cox, 115 Ga. 715, 42 S.E. 74 (1902) (verdict for plaintiff was reversed and a new trial ordered due to counsel's argument that "[t]he only way to reach a railroad is to make it pay money. A railroad has no soul, no conscience, no sympathy and no God.").

**9.     That Plaintiff Be Barred From Introducing Evidence Regarding Mr.  Russell's CB Handle**

Defendants anticipate that Plaintiff intends to elicit testimony that Mr. Russell's CB handle at the time of the accident was "Nervous Wreck." Such evidence has no relevance or probative value in this case, and could only serve to prejudice the jury against Mr. Russell by suggesting that Mr. Russell was an unsafe driver and prone to "wrecks" caused by nervousness. Defendants respectfully ask the Court to preclude Plaintiff from mentioning Mr. Russell's CB handle.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court instruct Plaintiff and her counsel not to mention, refer to, interrogate concerning, voluntarily answer, or attempt to convey to the jury, at any time during these proceedings, in any way either directly or indirectly, the subject matters as stated above without first informing the Court and obtaining the permission of the Court outside the presence and hearing of the jury, and further to instruct Plaintiff and her counsel not to make any reference to the fact that this Motion in Limine was made, argued, and ruled upon by the Court; and, further to instruct counsel to warn and caution each and every witness involved in Plaintiff's case to comply with such ruling of the Court.

Finally, it is requested that, should this Motion in Limine be granted in whole or in part, and should Plaintiff or her counsel violate the Court's ruling as to this Motion in Limine, a mistrial of the case will be granted due to the irreparable damage which would be suffered by Defendants as a result of such violation.

This 30th day of May, 2006.

        Respectfully submitted,

        SWIFT, CURRIE, MCGHEE & HIERS, LLP


        By: /s/* Lynn M. Roberson*

        LYNN M. ROBERSON
        Georgia State Bar No. 608047
        Attorney for Defendants Sara Lee Bakery Group, Inc., Earthgrains Baking Companies, Inc., and Lumbermens Mutual Casualty Company

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309-3238
(404) 874-8800

        DREW ECKL & FARNHAM, LLP


        By: /s/* Andrew D. Horowitz*

        ANDREW D. HOROWITZ
        Georgia Bar No: 367815
        Attorneys for Defendant
        Billy Michael Russell

DREW, ECKL & FARNHAM, LLP
P. O. Box 7600
Atlanta, GA 30357-0600
                            (404) 885-1400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Defendants' Joint Motions in Limine and Brief in Support** upon all parties to this matter by depositing a true copy of same in the U. S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> John C. Bell Jr., Esq.
> Bell, James & Bentley
> P. O. Box 1547
> Augusta, GA 30903-1547

This 30th day of May, 2006.

/s/* Lynn M. Roberson*
Lynn M. Roberson
Georgia State Bar No. 608047
Attorneys for Defendants

1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309-3238
(404) 888-6146

1629827v.1