IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAIGE E. STEADMAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE |
| vs. | * | NO. 1:03-CV-2035 |
| | * | |
| SARA LEE BAKERY GROUP, INC., | * | |
| EARTHGRAINS BAKING COMPANIES, | * | |
| INC., BILLY MICHAEL RUSSELL, | * | |
| LUMBERMENS MUTUAL CASUALTY | * | |
| COMPANY, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT BILLY MICHAEL RUSSELL'S REPLY BRIEF IN
SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE**

**1.** **Inferences or any mention that Defendant Russell was allegedly driving under the influence of any medication, drug or alcohol at the time of the accident is inadmissible**

Notwithstanding the accusatory rhetoric in Plaintiff's response brief, Plaintiff has still not presented any competent evidence that Mr. Russell was operating his vehicle under the influence of any prescription medication at the time of the accident. Unless Plaintiff affirmatively presents such evidence through the testimony of a toxicologist, pharmacologist, or other qualified expert, it would be improper for her to attempt to introduce evidence at trial of Mr. Russell's post-accident blood test or that Mr. Russell had been prescribed any medications before

the accident. *See Crowe v. State*, 259 Ga. App. 780, 782, 578 S.E.2d 134 (2003) (finding that a "factual determination of driving ability as revealed through toxicological analysis is 'beyond the ken' of the average juror and thus is established through expert testimony"). To date, Plaintiff has not presented any expert evidence even suggesting that Mr. Russell was impaired when the accident occurred, and Mr. Russell therefore respectfully asks the Court to grant Defendants' motion in limine as to this issue.

According to Defendants' expert pharmacologist, Dr. John Holbrook, Mr. Russell had not taken any diazepam for over a day before the accident, and he therefore was not experiencing the medication's affects at the time of the accident.[1] (Holbrook Depo. at 23 and 42.) Mr. Russell's post-accident blood test identified a small amount of nordiazepam, which is a metabolite of diazepam (or valium). (Morrison Depo. at 12-13.) Notably, there was no trace of diazepam in Mr. Russell's system after the accident. (*Id.*)

According to Dr. Holbrook, the "low level of nordiazepam, without any diazepam present, would be very consistent with having taken it a day or more before the accident as Mr. Russell stated he had done." (Holbrook Depo. at 23.)

---

[1] Plaintiff's response brief includes an incomplete copy of Dr. Holbrook's deposition transcript. The parties adjourned Dr. Holbrook's deposition after Plaintiff's cross-examination, and Defendants have not had an opportunity to examine him or complete his deposition.

Indeed, Dr. Holbrook noted that, because the half-life of diazepam is 43 hours, it is more likely that Mr. Russell had last taken the prescription medication over 1 day before the accident. (*Id*. at 23-24.)

Dr. Holbrook further noted that the "actual therapeutic half-life" of diazepam is "relatively short – less than six hours – whereas the plasma half-life or the whole blood half-life is very long." (*Id*. at 42.) In other words, a person who takes diazepam would cease to experience its therapeutic effects less than 6 hours after taking the medication even though the medication would remain in the person's blood for a relatively long time. (*Id*. at 42 and 23.) Here, as noted above, there was no diazepam in Mr. Russell's system at the time of the accident. As diazepam's half-life is 43 hours, Mr. Russell had plainly not taken any such medication for roughly 2 days, and was plainly not impaired by this medication when the accident occurred.

Although Dr. Holbrook generically testified that diazepam and other prescription medications could potentially inhibit a person's ability to operate a motor vehicle, there is no evidence in this case that Mr. Russell was experiencing the effects of any medication at the time of the accident. (*See* Holbrook Depo. at 21.) Indeed, Dr. Holbrook made clear that the literature showing that diazepam may adversely affect driving ability "has nothing to do with this situation, because

we don't have any valium reported as being present" in Mr. Russell's blood-test results. (*Id*. at 31-32.). Likewise, Dr. Holbrook indicated that this was not a situation where the diazepam would have impaired Mr. Russell's driving ability "because you normally see that kind of effect [ie., difficulty operating a motor vehicle] in toxic doses [of diazepam] or in situations where the person has just begun taking the drug and has not yet developed tolerance." (*Id*.) Here, however, there was no diazepam detected in Mr. Russell's blood, so there is no evidence even suggesting he was unable to properly operate his vehicle at the time of the accident.

Likewise, there is no evidence that Mr. Russell was impaired by sertraline (commonly referred to as Zoloft), or any other lawfully-prescribed drug, on the accident date. The GBI's toxicologist testified that he did not even measure the level of sertraline in Mr. Russell's blood because it was not centrally-acting, and would not have affected his ability to operate a vehicle. (Morrison Depo. at 8.) Even if Plaintiff presented evidence showing that sertraline could potentially affect a person's driving ability, however, there remains no expert evidence showing that Mr. Russell was impaired by this or any other medication at the time of the accident. Accordingly, Mr. Russell respectfully shows it would be improper for Plaintiff to try to introduce evidence at trial that Mr. Russell had taken any

prescription medication at any time before the accident.

To date, no toxicologist or pharmacologist has even suggested that the small amount of nordiazepam in Mr. Russell's system affected his driving ability on the accident date.[2]  Without such expert evidence, Mr. Russell respectfully shows that Plaintiff may not properly introduce evidence of his post-accident blood test or prescription medications.  Plaintiff is plainly attempting to inject the specter of intoxication into this case without any foundational basis.  Evidence that there was any amount of diazepam or any other medication in Mr. Russell's blood after the accident might lead the jury to believe he was a less safe driver at the time of the accident, even though there is no expert evidence in this case even remotely supporting such a proposition.  Mr. Russell respectfully asks the Court to preclude Plaintiff from attempting to introduce this highly-inflammatory evidence.

**2.     Evidence relating to Defendant Russell's negligence and Defendants Sara Lee and Earthgrains' liability for his actions under theory of respondeat superior is inadmissible as irrelevant**

As Defendants have admitted Mr. Russell's negligence and Sara Lee's vicarious liability, evidence as to how the accident occurred is irrelevant.  Whether

---

[2]     Indeed, Plaintiff has not presented any testimony from any of the many witnesses to the accident, the investigating officer, toxicologist, or nearby DOT workers that Mr. Russell appeared impaired.

Mr. Russell had 10 feet or 1000 feet of sight distance before the accident has no bearing on Plaintiff's alleged injuries.  Likewise, whether the DOT has posted any construction-related signs on the stretch of road before the accident site could not possibly help a juror resolve the causation and damages issues in this case. Notably, Plaintiff's response brief fails to explain how this type of evidence could possibly assist the jurors "to assess what injuries were caused by the wreck and what injuries might be unrelated" to the accident.  (Pl.'s Resp. Brief at 11.)

Likewise, Plaintiff's contention that Defendants' motion to exclude this irrelevant evidence somehow shows that Mr. Russell's "conduct reaches far beyond ordinary negligence" is nonsensical.  (*See Id.*)  Defendants have asked this Court to exclude this information solely because it has nothing to do with the remaining issues in this case – namely, causation and damages.  As Mr. Russell has admitted his negligence, and Sara Lee has admitted its vicarious liability for Mr. Russell's negligence, evidence as to how the accident occurred would be irrelevant and would only serve to unnecessarily slow the trial of this case.

3.  **Evidence of Negligent Hiring, Training, or Retention of Russell by the Corporate Defendants is Inadmissible**

Notably, Plaintiff makes no attempt in her response brief to challenge the well-settled authority that when an employer admits respondeat superior, a plaintiff

may not separately pursue claims for negligent entrustment, hiring, training, and retention. *Durben v. American Materials, Inc.*, 232 Ga. 750, 503 S.E.2d 618 (1998); *Bartja v. Nat. Union Fire Ins. Co.*, 218 Ga. App. 815, 463 S.E.2d 358 (1995). Whether a defendant seeks to prevent a plaintiff from attempting to introduce such evidence through a motion for summary judgment or motion in limine, the public policy underlying this rule is the same. That is, when an employer admits agency and its potential vicarious liability, allowing a plaintiff to pursue these additional claims could only serve to unfairly prejudice the employer. *Id*.

Here, Sara Lee has admitted that Mr. Russell was operating his tractor-trailer in the course of his employment at the time of the accident, and there is no issue as to agency and vicarious liability. Consequently, Mr. Russell respectfully asks the Court to prevent Plaintiff from attempting to introduce any evidence in support of her claims for negligent hiring, training, retention, or supervision.

By admitting agency and vicarious liability, Defendants have not, as Plaintiff suggests, somehow admitted the propriety of Plaintiff's claims for punitive damages. Defendants previously filed a joint motion for partial summary judgment on Plaintiff's punitive-damages claim. As shown in that motion, Plaintiff is not entitled to punitive damages in this case as a matter of Georgia law.

As Plaintiff is not entitled to recover punitive damages against Mr. Russell, there can be no vicarious liability against Sara Lee for any such damages.

### 4.     Evidence of Defendant Russell's marital difficulties in inadmissible

There is no record evidence that Mr. Russell took any prescription medications before the accident because of his marital or personal difficulties, and Plaintiff's citation to Mr. Russell's deposition testimony (in a different case) for this proposition is inaccurate. (*See* Pl.'s Resp. Brief at 16.) That is, there is no evidence in this case that Mr. Russell took any prescription medications before the accident because of any marital difficulties.

Even if there were such evidence, however, it would still be irrelevant to the limited issue in this case – ie., whether Mr. Russell's conduct proximately caused the full range of damages alleged by Plaintiff. Whether Mr. Russell was experiencing marital difficulties before the accident could not possibly help the jurors resolve this issue. Instead, such evidence could only serve to embarrass and humiliate Mr. Russell, and it therefore has no legitimate place in this case.

Likewise, evidence of Mr. Russell's alleged pre-accident marital difficulties does not show that Mr. Russell was an unsafe driver at the time of the accident,

and Plaintiff has failed to explain her wild contention that a person with marital difficulties is somehow unfit to operate a tractor-trailer.  Notwithstanding Plaintiff's feigned sympathy for Mr. Russell's personal issues, and her unsupported and reckless accusation that Mr. Russell needed to take a "rainbow of antidepressants prescribed by his physicians to get through the days and nights," there remains no competent evidence in this case that Mr. Russell was even remotely affected by any prescription medications at the time of the accident. Plaintiff is attempting to introduce evidence of Mr. Russell's marital difficulties in an apparent back-door attempt to improperly inject the issue of prescription medications in this case.  But Plaintiff has failed to lay a proper foundation to introduce such evidence, and Mr. Russell respectfully asks the Court to grant Defendants' motion in limine as to this issue.

**5.     That Plaintiff Be Barred From Introducing Evidence Regarding Mr. Russell's CB Handle**

Plaintiff wishes to elicit testimony regarding Mr. Russell's CB handle, Nervous Wreck, in a back-door attempt to improperly introduce evidence of Mr. Russell's allegedly-nervous character.  Additionally, because Mr. Russell's handle includes the word "wreck" – a word Plaintiff often uses to describe the underlying accident – Plaintiff presumably wants to introduce evidence of the handle to

suggest that Mr. Russell is somehow prone to motor-vehicle accidents. Either way, evidence of Mr. Russell's CB handle is irrelevant to this case, and Defendants respectfully ask the Court to prevent Plaintiff from eliciting this testimony at trial.

In response to Defendants' motion, Plaintiff cites to several irrelevant criminal cases in which evidence of a defendant's alias was admitted at trial.[3] In those cases, as in many criminal cases, evidence of a defendant's alias is necessary to identify the defendant, and link him to the underlying criminal act. But this is a civil action, not a criminal case, and Mr. Russell's CB handle is not his alias. Consequently, and unlike the cases cited by Plaintiff, evidence of Mr. Russell's CB handle would not serve to identify Mr. Russell or otherwise link him to the underlying accident. Indeed, Mr. Russell concedes that he was the person involved in the underlying accident, and his CB handle is irrelevant to the issue whether his conduct proximately caused the full extent of Plaintiff's alleged injuries. Notably, Plaintiff has not cited any civil cases in which the Court permitted a party to introduce evidence regarding a potentially-inflammatory CB handle or nickname.

---

[3]   *See United States v. Smith*, 918 F.2d 1501 (11th Cir. 1990); *United States v. Walker*, 136 Fed. Appx. 524 (3rd Cir. 2004) (unpublished and without precedential value); *United States v. Roberson*, 124 Fed. Appx. 860 (5th Cir. 2005) (unpublished); *McCord v. State*, 268 Ga. 842 (1997); *Thompson v. State*, 277 Ga. App. 323 (2006); *Avery v. State*, 244 Ga. App. 177 (2000).

Incredibly, Plaintiff all but concedes in her response brief that she wishes to introduce evidence of Mr. Russell's CB handle for an improper purpose – ie., to suggest that Mr. Russell was impaired at the time of the accident.  For instance, Plaintiff indicates that Mr. Russell's CB handle "is not only his nickname, it can also be viewed as a self-description, given the array of medications he was taking and the symptoms from which he was seeking relief." (*See* Pl.'s Resp. Brief at 21.) But Plaintiff has not presented any expert testimony even suggesting that Mr. Russell was impaired by any medication on the accident date, and her attempt to introduce Mr. Russell's nickname is plainly an attempt to introduce the specter of intoxication without first laying a proper evidentiary foundation.  Additionally, this evidence has no probative value, and Mr. Russell respectfully asks the Court to prevent Plaintiff from mentioning or commenting on this evidence to the jury.

This 26th day of June, 2006.

                                                          Respectfully submitted,

                                                          DREW ECKL & FARNHAM, LLP

                                                          */s/  Andrew D. Horowitz*
                                                          Andrew D. Horowitz
                                                          Georgia Bar No. 367815
                                                          Attorneys for Billy Michael Russell

Drew Eckl & Farnham, LLP
P.O. Box 7600
Atlanta, Georgia 30357-0600
(404) 885-1400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Billy Michael Russell's Reply Brief in Support of Defendants' Joint Motions in Limine** upon all parties to this matter by depositing a true copy of same in the U. S. Mail, proper postage prepaid, addressed to counsel of record as follows:

>John C. Bell Jr., Esq.
>Bell, James & Bentley
>P. O. Box 1547
>Augusta, GA 30903-1547
>
>Lynn M. Roberson, Esq.
>Swift, Currie, McGhee & Hiers, LLP
>1355 Peachtree Street, N.E. , Suite 300
>Atlanta, Georgia 30309-3238

This 26th day of June, 2006.

>*/s/ Andrew D. Horowitz*
>Andrew D. Horowitz
>Georgia State Bar No. 367815
>Attorneys for Defendant
>Billy Michael Russell

880 West Peachtree Street
Atlanta, Georgia 30309
(404) 885-1400